

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00392-CV

_____

THE TOWN OF FLOWER MOUND, TEXAS; THE ZONING BOARD OF ADJUSTMENT FOR THE TOWN OF FLOWER MOUND, TEXAS; AND THE OIL & GAS BOARD OF APPEALS FOR THE TOWN OF FLOWER MOUND, TEXAS, Appellants

V.

EAGLERIDGE OPERATING, LLC, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 18-9622-431

Concurring and Dissenting Memorandum Opinion by Chief Justice Sudderth

**CONCURRING AND DISSENTING MEMORANDUM OPINION**

Except with regard to the holding as to the applicability of local government code section 211.010(c) to the facts of this case, I agree with the majority opinion. But because I am concerned about the majority's interpretation of section 211.010(c), I write separately.

The applicability of section 211.010(c) was not briefed by either party, but one could argue that the majority's reading of the text of section 211.010(c)—by reading the words "restraining order" to include only temporary restraining orders but not temporary injunctions—would tend to thwart the purpose of a temporary restraining order. Both temporary restraining orders and temporary injunctions are orders that operate to restrain behavior. The essential difference between the two is merely duration.

A temporary restraining order is a stopgap, placeholding measure—it serves to preserve the status quo for up to fourteen days, just until a litigant's application for temporary injunction can be heard. Tex. R. Civ. P. 680 (providing that the term of a temporary restraining order shall not exceed fourteen days, and if granted ex parte, "the application for a temporary injunction shall be set down for hearing at the earliest possible date . . . and when the application comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order"). Because a temporary restraining order can be extended only once

and only for an additional fourteen days, the maximum amount of time a litigant is entitled to such relief is twenty-eight days. *Id.* (providing that a temporary restraining order "shall expire by its terms within such time after signing, not to exceed fourteen days" that the trial court may, "for good cause shown, . . . extend[] for a like period," and that "[n]o more than one extension may be granted unless subsequent extensions are unopposed").

In the context of section 211.010, an appeal to the board of adjustment stays all proceedings unless the administrative official from whom the appeal is taken has certified that "a stay would cause imminent peril to life or property." If a trial court disagrees with the administrative official's assessment of the situation and "due cause" is shown, the statute authorizes the trial court to override the official's denial of the stay. Tex. Loc. Gov't Code Ann. § 211.010(c).

But under the majority's interpretation of section 211.010(c), a trial court could reinstate the stay of proceedings for only twenty-eight days (absent agreement). On the twenty-ninth day, proceedings in furtherance of the action under appeal would arguably resume with impunity. For all practical purposes, such an interpretation would render the trial court's ability under section 211.010(c) to enforce the stay meaningless because of the resulting ephemeral nature of the trial court's power.

As to the majority's interpretation of section 211.010(c), I respectfully dissent, but I concur in the result reached.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  August 22, 2019